UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT  )  <br>  )  <br>Plaintiff,  )  Case No. _____  <br>v.  )  <br>  )  **COMPLAINT FOR VIOLATIONS OF**  <br>DICERNA PHARMACEUTICALS, INC.,  )  **THE FEDERAL SECURITIES LAWS**  <br>DOUGLAS M. FAMBROUGH, III, J. KEVIN  )  <br>BUCHI, STEPHEN DOBERSTEIN, MARTIN  )  <br>FREED, PATRICK M. GRAY, STEPHEN J.  )  JURY TRIAL DEMANDED  <br>HOFFMAN, ADAM M. KOPPEL, MARC  )  <br>KOZIN, and CYNTHIA SMITH,  )  <br>  )  <br>Defendants.  )  | |

Plaintiff Michael Kent ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE THE ACTION**

1. Plaintiff brings this action against Dicerna Pharmaceuticals, Inc. ("Dicerna" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"). By the action, Plaintiff seeks to enjoin the consummation of a tender offer (the "Tender Offer") underlying the proposed acquisition of the Company by Novo Nordisk A/S ("Novo") through its wholly-owned subsidiary NNUS New Research, Inc. ("Purchaser") (the "Proposed Transaction").[1]

---

[1] Non-party Novo is a leading global healthcare company, founded in 1923 and headquartered in Denmark. Novo seeks to drive change to defeat diabetes and other serious chronic diseases such

2. On November 18, 2021, Dicerna announced its entry into an Agreement and Plan of Merger (the "Merger Agreement") dated the preceding day. The Merger Agreement provides that, for each share they own, Company stockholder will receive $38.25 per share in cash (the "Offer Price"). Purchaser commenced the Tender Offer on November 24, 2021. The Tender Offer is scheduled to expire at one minute following 11:59 p.m., Eastern Time, on December 22, 2021.

3. On November 24, 2021, Dicerna filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that Dicerna stockholders tender their stock into the Tender Offer, omits or misrepresents material information necessary and essential to that decision. The failure to adequately disclose such material information violates the Exchange Act as Dicerna stockholders need such information to make a fully informed decision whether to do so

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their rights with respect to the Tender Offer and or any decision to seek appraisal for their shares.

5. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Tender Offer or Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections

---

as obesity and rare blood and endocrine disorders, doing so by pioneering scientific breakthroughs, expanding access to their medicines and working to prevent and ultimately cure disease. Novo employs approximately 47,000 people in 80 countries and markets its products in around 170 countries. Non-party Purchaser is a Delaware corporation and a wholly owned indirect subsidiary of Novo.

14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Dicerna.

10. Defendant Dicerna is a Delaware corporation with its principal executive offices located at 75 Hayden Avenue, Lexington, Massachusetts 02421. Dicerna's common stock is traded on the Nasdaq Global Select Market under the ticker symbol "DRNA."

11. Defendant Douglas M. Fambrough, III ("Fambrough") is and has been President and Chief Executive Officer ("CEO") of the Company since May 2010, and a director since April 2007.

12. Defendant J. Kevin Buchi ("Buchi") is and has been Chairman of the Board since January 2019, and a director of the Company since August 2018.

13. Defendant Stephen Doberstein ("Doberstein") is and has been a director of the Company since February 2020.

14. Defendant Martin Freed ("Freed") is and has been a director of the Company since June 2016.

15. Defendant Patrick M. Gray ("Gray") is and has been a director of the Company since September 2019.

16. Defendant Stephen J. Hoffman ("Hoffman") is and has been a director of the Company since November 2007.

17. Defendant Adam M. Koppel ("Koppel") is and has been a director of the Company since April 2017.

18. Defendant Marc Kozin ("Kozin") is and has been a director of the Company since January 2019.

19. Defendant Cynthia Smith ("Smith") is and has been a director of the Company since August 2018.

20. Defendants identified in paragraphs 11-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On November 18, 2021, Dicerna announced in relevant part:

LEXINGTON, Mass.--Nov. 18, 2021-- Dicerna Pharmaceuticals, Inc. (Nasdaq: DRNA) today announced that it has entered into a definitive agreement with Novo Nordisk under which Novo Nordisk will acquire Dicerna, a biopharmaceutical company focused on the development of investigational ribonucleic acid interference (RNAi) therapeutics, for $38.25 per share in cash, which represents a total equity value of $3.3 billion and a premium of 80% to Dicerna's closing price on November 17, 2021. The transaction was unanimously approved by the Dicerna Board of Directors and the Board of Directors of Novo Nordis.

Novo Nordisk and Dicerna have been parties to a research collaboration since 2019 to discover and develop RNAi therapies using Dicerna's proprietary GalXC™ RNAi platform technology. The collaboration between Novo Nordisk and Dicerna encompassed the exploration of more than 30 liver cell targets with the potential to deliver multiple clinical candidates for disorders including chronic liver disease, non-alcoholic steatohepatitis (NASH), type 2 diabetes, obesity and rare diseases. Novo Nordisk expects to initiate clinical development of the first investigational RNAi therapeutic to emerge from this collaboration in 2022.

4

Dicerna's RNAi technology platform enables access to intracellular disease targets across hepatic and extrahepatic cell and tissue types, complementing Novo Nordisk's existing technology platforms. This acquisition supports Novo Nordisk's strategy of developing and applying a broad range of technology platforms across all Novo Nordisk therapeutic areas.

"The acquisition of Dicerna accelerates Novo Nordisk's research within RNAi and expands the usage of the RNAi technology," said Marcus Schindler, Executive Vice President and Chief Scientific Officer of Novo Nordisk. "We build on our successful collaboration and by combining Dicerna's state-of-the-art RNAi drug engine and intracellular delivery with our deep capabilities in disease biology understanding and tissue targeting through peptides and proteins we have the potential to expand our pipeline and deliver life-changing precision medicines for people living with chronic diseases such as diabetes, obesity, cardiovascular disease and NASH, as well as rare diseases like endocrine disorders and bleeding disorders."

"Since the start of our collaboration two years ago, the Dicerna and Novo Nordisk teams have established a strong rapport built on a foundation of mutual respect for one another's capabilities, culture and expertise," said Douglas Fambrough, Ph.D., Founder, President and Chief Executive Officer of Dicerna. "The combination of Dicerna's expertise in RNAi and oligonucleotide therapeutics and highly skilled employees with Novo Nordisk's industry leadership in developing and commercializing medicines to treat serious chronic diseases, has the potential to significantly accelerate and expand our mission to deliver GalXC RNAi therapies for the benefit of patients and all our stakeholders."

Under the terms of the agreement, Novo Nordisk, through a subsidiary, will initiate a tender offer to acquire all outstanding shares of Dicerna common stock at a price of $38.25 per share in cash. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Dicerna's outstanding shares, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions. Upon the successful completion of the tender offer, Novo Nordisk's acquisition subsidiary will be merged into Dicerna, and any remaining shares of common stock of Dicerna will be cancelled and converted into the right to receive the same $38.25 per share price payable in the tender offer. The transaction is expected to close in the fourth quarter of 2021.

Novo Nordisk is represented by Evercore as exclusive financial advisor and Davis Polk & Wardwell LLP as legal advisor. For Dicerna, Centerview Partners LLC is acting as lead financial advisor, SVB Leerink is acting as financial advisor, and Skadden, Arps, Slate, Meagher & Flom LLP and Goodwin Procter LLP are acting as legal advisors.

**The Recommendation Statement Contains Material Misstatements and Omissions**

22.     The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Dicerna's stockholders.  The Recommendation Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Proposed Transaction or otherwise act.

23.     The Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections; (b) the valuation analyses underlying the fairness opinions provided by the Company's financial advisors, Centerview Partners LLC ("Centerview") and SVB Leerink LLC ("SVB Leerink"); and (c) Company insiders' potential conflicts of interest.[2]

*Material Omissions Concerning Company Management's Financial Forecasts*

24.     The Recommendation Statement fails to disclose material information concerning the Company's financial forecasts, including any explanation of the modifications made to the projections specifically reviewed and considered at the Company's Board meetings held on September 21 and 22, and October 18, 2021.  *See* Recommendation Statement at 13-14.

25.     The Recommendation Statement also fails to disclose a breakdown of the Company's financial forecasts specifically with respect to nedosiran, belcesiran, and Dicerna's GalXC and GalXCPlus platforms over the projection period.  *See* Recommendation Statement at 24.  The Recommendation Statement also fails to quantify the risk-adjustments made to the Company's financial forecasts during the process leading to the Merger Agreement.  *See* Recommendation Statement at 27.

26.     The omission of this information renders the statements in the "Certain Financial

---

[2] Centerview and SVB Leerink are collectively referred to herein as the "Financial Advisors."

Projections" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Financial Advisors' Financial Analyses*

27. The Recommendation Statement omits material information regarding the data and inputs underlying the valuation analyses performed by the Financial Advisors. The Proxy Statement describes the Financial Advisors' fairness opinions and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding the Financial Advisors' work. As a result, Company stockholders cannot assess what significance to place on the Financial Advisors' fairness opinions in determining whether to participate in the Tender Offer or otherwise act.

28. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) Centerview's basis for assuming a rate of free cash flow decline of 35% after December 31, 2045; (b) the implied terminal value of the Company; and (iii) the inputs and assumptions underlying the range of discount rates Centerview utilized in connection with the analysis.

29. With respect to Centerview's *Analyst Price Target Analysis*, the Recommendation Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

30. With respect to SVB Leerink's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) SVB Leerink's basis for assuming a perpetuity growth rate of negative 35%; (b) the terminal value for Dicerna; and (c) the inputs and assumptions underlying the range of discount rates SVB Leerink utilized in connection with the analysis.

31. The omission of this information renders the statements in the "Opinions of Dicerna's Financial Advisors" section of the Recommendation Statement false and/or materially

7

misleading in contravention of the Exchange Act. Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

*Material Omissions Concerning Company Insiders' Potential Conflicts of Interest*

33. The Recommendation Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders.

33. For example, the Recommendation Statement sets forth that:

> On November 13, 2021, Mr. Jørgensen called Dr. Fambrough to discuss the progress of the transaction process. Mr. Jørgensen informed Dr. Fambrough that Novo's due diligence review was almost complete. The two discussed integration and employee retention following the strategic transaction. As instructed by the Dicerna Board, Dr. Fambrough informed Mr. Jørgensen of the importance of the acceleration of all employee equity awards.

*Id*. at 17. Following this conversation, on November 16, 2021:

> Mr. Jørgensen called Dr. Fambrough to discuss Dicerna's request that Novo increase its offer to greater than $38.00 per Share. Mr. Jørgensen verbally indicated that Novo would increase its offer price to $38.25 per Share but not beyond and would agree to the treatment of equity awards proposed by Dicerna.

*Id.* The Recommendation Statement fails to disclose: (a) when the parties first discussed the opportunity for employee retention following the Proposed Transaction; (b) whether any of Novo's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction; and (c) whether Novo was contemplating an offer price higher than $38.25 per share without the condition imposed by defendant Fambrough regarding the acceleration of all employee equity awards.

34. The omission of this information renders the statements in the "Background of the Offer and the Merger" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

35. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Dicerna stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9

36. Plaintiff repeats all previous allegations as if set forth in full.

37. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Dicerna stockholders to tender their shares in the Tender Offer.

38. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

39. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

40. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation

9

Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

41. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Dicerna, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

42. Plaintiff repeats all previous allegations as if set forth in full.

43. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

44. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

45. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

46. Plaintiff repeats all previous allegations as if set forth in full.

47. The Individual Defendants acted as controlling persons of Dicerna within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers or directors of Dicerna and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

50. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the

Individual Defendants.

51. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

52. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Dicerna, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D. Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  December 3, 2021  **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*